IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>ZOOM TECHNOLOGIES, INC.,<br>ZOOM TELEPHONICS, INC., and<br>ZOOM USA HOLDINGS, INC.,<br><br>*Defendants* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Telecomm Innovations, LLC ("Telecomm" or "Plaintiff"), for its Complaint against Defendants Zoom Technologies, Inc. ("Zoom Technologies"), Zoom Telephonics, Inc. ("Zoom Telephonics") and Zoom USA Holdings, Inc. ("Zoom USA") (collectively, "Defendants"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Telecomm is a limited liability company organized under the laws of the State of Delaware with a place of business at 1209 Orange Street, Wilmington, Delaware 19801.

3. Upon information and belief, Zoom Technologies is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices at c/o Ellenoff Grossman & Schole LLP, 150 East 42nd Street, 11th Floor, New York, New York 10017. Upon information and belief, Zoom Technologies sells and offers to sell products and services throughout the United States, including in this judicial district and introduces products

Page 1 of 6

and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

4.     Upon information and belief, Zoom Telephonics is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices at 207 South Street, Boston, Massachusetts 02111.  Upon information and belief, Zoom Telephonics sells and offers to sell products and services throughout the United States, including in this judicial district and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

5.     Upon information and belief, Zoom USA is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices 207 South Street, Boston, Massachusetts 02111.  Upon information and belief, Zoom USA sells and offers to sell products and services throughout the United States, including in this judicial district and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

6.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

9.     Upon information and belief, each Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses

of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,396,519

10. Telecomm repeats and realleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. On March 7, 1995, U.S. Patent No. 5,396,519 Patent ("the '519 Patent"), entitled "Method and Apparatus for Adaptively Providing Precoding and Preemphasis Conditioning to Signal Data for Transfer over a Communication Channel," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '519 Patent is attached as Exhibit A.

12. Telecomm is the assignee and owner of the right, title and interest in and to the '519 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

13. Upon information and belief, each of the Defendants has and continues to directly infringe one or more claims of the '519 Patent by using, and/or providing and causing to be used products that incorporate dial up modems or functionalities that perform the signal conditioning method claimed in the '519 Patent, including, without limitation, products such as Model 3095 (USB Mini External Modem), and others (the "'519 Accused Instrumentalities").

14. Defendants were made aware of the '519 Patent and their infringement thereof at least as early as the filing of this Complaint.

15.  At least as of the filing of this Complaint, each of the Defendants is, on information and belief, inducing infringement of one or more claims of the '519 Patent by, without limitation, making, using, importing, selling and/or offering for sale the '519 Accused Instrumentalities for use by customers and others and also providing those customers and others

...
...

with technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses of the '519 Accused Instrumentalities that promote and demonstrate how to use the '519 Accused Instrumentalities in a manner that would infringe the '519 Patent.

16. Upon information and belief, at least as of the filing of this Complaint, each of the Defendants specifically intended to induce infringement by its customers and others by at least the acts set forth in paragraph 15, knowing that such acts would cause infringement and/or were willfully blind to the possibility that their inducing acts would cause infringement. Upon information and belief, Defendants' customers and others have infringed and are continuing to infringe the '519 Patent.

17. Telecomm has been harmed by Defendants' infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,600,712

18. Telecomm repeats and realleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

19. On February 4, 1997, the 5,600,712 Patent ("the '712 Patent"), entitled "Enabling Technique for Quickly Establishing High Speed PSTN Connections in Telecommuting Applications," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '712 Patent is attached as Exhibit B.

20. Telecomm is the assignee and owner of the right, title and interest in and to the '712 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

21. Upon information and belief, each of the Defendants has and continues to directly infringe one or more claims of the '712 Patent by, without limitation, making, using, importing, selling and/or offering for sale products that incorporate dial up modems or functionalities

claimed in the '712 Patent, including, without limitation, such as Model 3095 (USB Mini External Modem), and others (the "'712 Accused Instrumentalities").

22. Defendants were made aware of the '712 Patent and their infringement thereof at least as early as the filing of this Complaint.

23. At least as of the filing of this Complaint, each of the Defendants is, on information and belief, inducing infringement of one or more claims of the '712 Patent by, without limitation, making, using, importing, selling and/or offering for sale the '712 Accused Instrumentalities for use by customers and others and also providing those customers and others with technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses of the '712 Accused Instrumentalities that promote and demonstrate how to use the '712 Accused Instrumentalities in a manner that would infringe the '712 Patent.

24. Upon information and belief, at least as of the filing of this Complaint, each of the Defendants specifically intended to induce infringement by its customers and others by at least the acts set forth in paragraph 23, knowing that such acts would cause infringement and/or were willfully blind to the possibility that their inducing acts would cause infringement.  Upon information and belief, Defendants' customers and others have infringed and are continuing to infringe the '712 Patent.

25. Telecomm has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Telecomm demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Telecomm demands judgment for itself and against Defendants as follows:

A.   An adjudication that Defendants have infringed the '519 Patent and the '712 Patent;

B.   An award of damages to be paid by Defendants adequate to compensate Telecomm for their past infringement of the '519 Patent and the '712 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.   A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.   An award to Telecomm of such further relief at law or in equity as the Court deems just and proper.


Dated: October 15, 2012               STAMOULIS & WEINBLATT LLC

                                      */s/ Richard C. Weinblatt*
                                      Stamatios Stamoulis #4606
                                            stamoulis@swdelaw.com
                                      Richard C. Weinblatt #5080
                                            weinblatt@swdelaw.com
                                      Two Fox Point Centre
                                      6 Denny Road, Suite 307
                                      Wilmington, DE 19809
                                      Telephone: (302) 999-1540

                                      *Attorneys for Plaintiff*
                                      *Telecomm Innovations, LLC*